EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Josefina Zeda Batista<br><br>Peticionario<br><br>v.<br><br>Administración de Servicios de Salud Mental y Contra la Adicción<br><br>Recurrida | Certiorari<br><br>2017 TSPR 94<br><br>198 DPR ____ |

Número del Caso: CC-2017-167

Fecha: 5 de junio de 2017

Tribunal de Apelaciones:

      Región Judicial de Arecibo-Guayama

Abogado de la parte Peticionaria:

      Lcdo. Héctor Torres Babilonia

Abogados de la parte Recurrida:

      Lcda. Ayleen James Reyes
      Lcdo. Carlos Padín Pérez

Materia: Resolución de Sala de Despacho con Voto particular disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO
Sala I

Josefina Zeda Batista

    Peticionaria

      v.

Administración de Servicios
de Salud Mental y Contra la
Adicción

    Recurrida

*Certiorari*

CC-2017-0167

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de junio de 2017.

    Atendida la Petición de *certiorari* presentada por la parte peticionaria, se provee no ha lugar.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez expediría y emite un Voto particular disidente.

                Juan Ernesto Dávila Rivera
             Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Josefina Zeda Batista

      Peticionaria

        v.                                *Certiorari*
                          CC-2017-0167

Administración de Servicios
de Salud Mental y Contra la
Adicción

      Recurrida

Voto particular disidente emitido por la Jueza Presidenta Oronoz Rodríguez

En San Juan, Puerto Rico, a 5 de junio de 2017.

¿Qué protección otorgan la Constitución de Puerto Rico y la Constitución de Estados Unidos a los contratistas independientes cuyos contratos no son renovados por discrimen político? ¿Qué constituye una decisión adversa y a quién se puede responsabilizar por ella en este contexto? Estas son algunas de las controversias que el Tribunal tiene ante su consideración en este caso. Porque estoy convencida de que una Sala de este Tribunal desaprovechó la oportunidad de expresarnos sobre un asunto de alto interés público al denegar el recurso, disiento. En su lugar, recomiendo expedir el auto de *certiorari* y estudiaría a fondo si procede revocar el dictamen recurrido.

La Sra. Josefina Zeda Batista (peticionaria) es psicóloga clínica. Adicional a su oficina privada, trabajó para la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA) desde el 2006, a través de varios contratos de servicios profesionales. En ese trabajo prestaba servicios a los clientes del Centro de Servicios Ambulatorios de Arecibo del Programa de "Drug Court". El último contrato otorgado a la peticionaria venció en diciembre de 2010, pues el mismo no fue renovado a pesar de su desempeño excelente.

Lo anterior provocó que la peticionaria presentara una demanda sobre discrimen político y represalias en contra de la ASSMCA. En esencia, alegó que no se renovó su contrato por ser miembro del Partido Independentista Puertorriqueño (PIP). El Tribunal de Primera Instancia declaró *ha lugar* la demanda. Razonó que la peticionaria probó un caso *prima facie* de discrimen político, ya que su afiliación política era conocida y fue reemplazada por un psicólogo que compartía la ideología política de la autoridad nominadora. Señaló que los testigos presentados por la ASSMCA no le merecieron credibilidad ni pudieron explicar la razón por la cual no se renovó el contrato de la peticionaria.

En cambio, el Tribunal de Apelaciones revocó el dictamen recurrido. Entre otras cosas, entendió que la decisión adversa de no renovar la tomó el Secretario de la Gobernación, quien no es parte en el pleito. Destacó que la ASSMCA solicitó la renovación del contrato, de modo que no actuó de forma discriminatoria. Por otro lado, también

cuestionó algunos de los remedios concedidos por el foro primario.

La peticionaria acude ante nosotros y destaca, entre otras cosas, que la teoría de que fue el Secretario de la Gobernación quien decidió no renovar su contrato no fue creída por el foro primario. Debido a los hechos particulares de este caso, me parece persuasiva su postura de que la no renovación de su contrato era imputable únicamente a la ASSMCA. De entrada, considero que debemos examinar el contexto en que se emitieron las expresiones que el foro apelativo utilizó para atribuirle al Secretario de la Gobernación la no renovación. Por lo tanto, expediría el *certiorari* para determinar si la peticionaria probó su caso de discrimen político y aclarar qué constituye una determinación adversa.

Además, podíamos aprovechar esta ocasión para profundizar sobre lo resuelto en este tema por el Tribunal Supremo Federal en Board of Comm'rs, Wabaunsee Cty. v. Umbehr, 518 U.S. 668 (1996), y O'Hare Truck Service, Inc. v. City of Northlake, 518 U.S. 712 (1996), así como su progenie en los Tribunales Federales de Apelaciones. Véase Aponte Burgos v. Aponte Silva, 154 DPR 117, 127 (2001) ("la prohibición del discrimen político en relación al empleo público de la Constitución federal es tan abarcadora que el Tribunal Supremo de Estados Unidos la ha extendido incluso a contratistas independientes, que no son técnicamente empleados públicos".). Además, no podemos negar que,

lamentablemente, en Puerto Rico abundan los casos de discrimen político. Véase Alexandra Sabater Baerga & Jean R. Santiago Cruz, A Spoiled Spoils System: Puerto Rico's Epidemic of Political Discrimination and the Federal Courts, 85 Rev. Jur. UPR 1327, 1351 (2016) (donde se destaca que "50.8% of all cases regarding political discrimination reviewed by the circuit courts have come from the District Court of Puerto Rico".). Le corresponde a este Tribunal velar por el cumplimiento de nuestras garantías constitucionales en una situación que tanto perturba a nuestro país.


                                  Maite D. Oronoz Rodríguez
                                      Jueza Presidenta